FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PML GOLD, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MIDAS BRANDS, INC., a Delaware Corporation,<br><br>Defendant. | No. 2:26-CV-00031-MKD<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>**ECF No. 2** |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint.

ECF No. 2. The Court has reviewed the motion and record and is fully informed.

For the following reasons, the Court denies the motion.

## BACKGROUND

On June 7, 2022, Plaintiff PML Gold, LLC ("PML") and Defendant Midas

Brands, Inc. ("Midas") entered into a Convertible Promissory Note Purchase

Agreement ("Purchase Agreement"). ECF No. 1-2 at 9. Pursuant to the Purchase

Agreement, Defendant received a Convertible Promissory Note (the "Note") with a

ORDER - 1

principal amount of $300,000 and an 8% interest rate. *Id.* The Note had a maturity date of June 7, 2025. Article I of the Note states:

> The Borrower shall repay the Note Balance (to the extent such amount has not been converted or paid pursuant to Article II below), plus any and all other amounts owing under this Note but not previously paid (collectively the "Repayment Amount") on or before the Maturity Date.

*Id.* at 23. The relevant portion of Article II of the Note provides:

> If the Notes have not been previously converted pursuant to Section 2.1 or repaid pursuant to Section 2.3, then on the Maturity Date, the Company shall have the option (but not obligation) to either: (i) begin payments to the Lender to repay the Repayment Amount over a 3-year amortized period, or (ii) convert the Repayment Amount into shares of common stock of the Company . . .

*Id.* at 24. Article III provides that "[t]he occurrence of any of the following events is an Event of Default . . . [t]he Borrower fails to pay off any amounts owed hereunder when due . . ." *Id.*

Plaintiff alleges that Defendant "defaulted on its obligations pursuant to the Note" and "has not made any payments on the Note since June 7, 2022, nor has [Defendant] converted the Note, or any portion thereof, into equity." ECF No. *Id.* at 10. Plaintiff brings a claim for breach of contract. *Id.* at 11. Defendant moves to dismiss Plaintiff's claim. ECF No. 2.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

ORDER - 2

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

**DISCUSSION**

Defendant moves to dismiss Plaintiff's breach of contract claim asserting that Plaintiff fails to plead a breach of any contractual obligation. ECF No. 2 at 5-9.

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. App. 1995).

ORDER - 3

"Any failure to perform a contractual duty constitutes a breach and an injured party is generally entitled to those damages necessary to put that party in the same economic position it would have occupied had the breach not occurred." *DC Farms, LLC v. Conagra Foods Lamb Weston, Inc.*, 317 P.3d 543, 555 (Wash. App. 2014).

Plaintiff alleges that Defendant defaulted on its obligations because "Midas has not made any payment on the Note since June 7, 2022, nor has Midas converted the Note, or any portion thereof, into equity." ECF No. 1-2 at 10. Defendant argues that Plaintiff's allegations are insufficient because "Plaintiff is unable to identify any provision requiring repayment at maturity" and that the Note contains no limitation on when Defendant can exercise its conversion option pursuant to Article II. ECF No. 6 at 4. Plaintiff argues that "[u]pon maturity of the Note Midas was obligated to either convert the Note to equity or begin paying PML." ECF No. 5 at 6. The parties dispute the application of Article I and Article II of the Note and whether those articles impose an obligation that Defendant has breached. ECF Nos. 2 at 9-13; 5 at 5-10. These arguments concern contract interpretation and require resolving ambiguity, which are not properly resolved on a motion to dismiss. *See, e.g., Hall v. FCA US LLC*, 2022 WL 1714291, at *1 (9th Cir. May 27, 2022) (unpublished) (district court erred in adopting party's proposed interpretation at the motion to dismiss stage where the contract was ambiguous and

ORDER - 4

interpretation involved a question of fact); *Financial Pacific Leasing Inc. v. RVI America Insurance Co.*, 2022 WL 2718038, at *5 (W.D. Wash. March 31, 2022) ("Resolution of a breach of contract claim on a motion to dismiss is proper if the terms of the contract are unambiguous."); *Picketfence Inc. v. R.R. Donnelley & Sons Co.*, 2007 WL 9811030, at *2 (N.D. Cal. Nov. 6, 2007) ("questions of contract interpretation and resolving ambiguity . . . would be prematurely decided on a Motion to Dismiss").  Accordingly, Plaintiff plausibly alleges a breach of contract claim.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Dismiss, **ECF No. 2**, is **DENIED**.

**IT IS SO ORDERED.**  The Clerk's Office is hereby directed to enter this Order and provide copies to counsel.

DATED May 27, 2026.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 5